UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LEON FELIX, JR.                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 5:11-cv-180-DPJ-FKB

CHRISTOPHER EPPS
COMMISSIONER                                                                            DEFENDANT

## REPORT AND RECOMMENDATION

This habeas corpus action is before the Court on Defendant's Motion to Dismiss (Docket No. 8). Having considered the motion, as well as Plaintiff's Response (Docket No. 9), the Court concludes that the motion should be granted.

Felix pled guilty to statutory rape in the Circuit Court of Warren County, Mississippi, and on May 30, 2008, he was sentenced to ten years, with ten years suspended and three years supervised probation. Docket No. 1. Four days later, however, Felix was arrested for possession of cocaine. Docket No. 8-6, p. 3. A probation officer signed an affidavit on June 5, 2008, alleging that Felix violated his probation. Docket No. 8-2. Felix's probation was revoked on July 2, 2008, following a revocation hearing on June 27, 2008. Docket No. 8-3. Felix's ten year sentence was reinstated, and he was given eight years to serve with five years post- release supervision to follow. *Id.*

The issue before the undersigned is the timeliness of Felix's petition. Defendant points to the revised 28 U.S.C. § 2244(d) as the basis for its motion to dismiss. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Felix filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition. Asserting that Felix's petition does not fall into any of the exceptions listed in § 2244(d)(1)(B)-(D), Defendant argues that it is untimely. Felix asserted in his petition that this action was timely filed since it was filed within one year of the Mississippi Supreme Court's denial of certiorari on November 3, 2011. Docket No. 8-6. Defendant contends, though, that the instant petition is untimely as it was filed more than one year after the July 2, 2008, revocation and that despite Felix having filed a motion for post-conviction relief in state court, tolling of the one year statute of limitations is not applicable because Felix did not file in state court within one year of July 2, 2008.[1] Felix did not file his motion for post-conviction relief with the state court until April 12, 2010, well more than one

---

[1] Defendant contends that there is no right of appeal under Mississippi law following a revocation so there is no appeal time added to the July 2, 2008 date. See Beasley v. State, 795 So. 2d 539, 540 (Miss. 2001).

year after his July 2, 2008 revocation.  Docket No. 8-6, p. 3.

In response to the motion to dismiss, Felix argues that when his probation was revoked, he was sentenced to serve eight years then to five years post- release supervision, which caused his total sentence to illegally exceed ten years.  Felix contends that claims regarding an illegal sentence are excepted from the limitations bar.  He also asserts that because he had three years to seek post-conviction relief under state law, that entire period tolls the statute of limitations.  Felix's arguments have been rejected by this Court.  See Pearson v. Mississippi, 2007 WL 3254361 (Oct. 15, 2007)(that "post-conviction pleading may have been timely under the three-year time limitation required under Mississippi law...is irrelevant as to the issue of whether his instant habeas petition was timely filed under the AEDPA one-year federal statute of limitations").

The Petition does not set forth any circumstances which are so "rare and exceptional" as to warrant equitable tolling of the AEDPA statute.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way).  The undersigned concludes that Petitioner has shown no reason he should be excused from meeting the AEDPA deadline.

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss (Docket No. 8) be granted and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  RESPECTFULLY SUBMITTED this the 23rd day of April, 2012.


           s/ F. Keith Ball_____
           UNITED STATES MAGISTRATE JUDGE